<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACQUELINE SINGER,<br>on behalf of herself and<br>all others similarly situated, | : <br> : <br> : <br> : | Civil Action No. 10-6147 (JLL) |
| Plaintiff, | : <br> : |  |
| v. | : <br> : | OPINION |
| COVISTA, INC., ET AL., | : <br> : |  |
| Defendants. | : <br> : |  |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of plaintiff Jacqueline Singer's ("plaintiff") motion for sanctions, attorneys' fees, and costs against defendants Covista, Inc. ("Covista"), Covista's general counsel, Ron Kuzon ("Kuzon"), and Covista's outside counsel, Robert A. Vort ("Vort") (collectively, "defendants"). (Pl.'s Mot. for Sanctions, Nov. 21, 2012, ECF No. 57). Plaintiff also requests that the Court serve an Order to Show Cause on Covista's president and CEO Warren Feldman ("Feldman"), to determine whether Feldman and Covista should be held in civil contempt because of their alleged failure to comply with the Court's October 11, 2012 Order (ECF No. 55). Defendants submitted their opposition papers on December 27, 2012 (ECF No. 62), and plaintiff filed a reply brief in further support of its motion for sanctions on January 7, 2013 (ECF No. 63). For the reasons set forth below, plaintiff's motion for sanctions, attorneys' fees, and costs is denied. Likewise, plaintiff's motion for an Order to Show Cause is denied.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Complaint alleges that defendant Covista is a public utility corporation engaged in the business of providing telecommunications services to business and residential customers. (Compl. ¶ 13, Nov. 22, 2010, ECF No. 1). Plaintiff is a residential telephone service subscriber, who has been a customer of Covista since March 2003. (Compl. ¶ 8, ECF No. 1). Plaintiff initiated this consumer class action because of Covista's billing practices. (Id. ¶ 1). Namely, plaintiff alleges that Covista overcharged its subscribers by imposing an unauthorized "Billing Fee," which was not "approved by any properly filed tariff in any state," and despite Covista's representations that it would not charge a monthly fee. (Id. ¶ 1). Plaintiff further alleges that although Covista acknowledged to the Pennsylvania Public Utility Commission that its "customers should not have been charged this fee," Covista did not remedy the overcharge to its customers. (Id. ¶¶ 3–4). Rather, Covista merely changed the line item "Billing Fee" to "Carrier Recovery Charge" and continued to impose the same fee on its customers. (Id. ¶¶ 4–5).

Accordingly, plaintiff filed a seven-count Complaint, alleging: (1) breach of contract (id. ¶¶ 56–57); (2) violation of the Federal Communications Act, 47 U.S.C. § 201 (id. ¶ 61); (3) entitlement to declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (id. ¶¶ 70–73); (4) violation of RICO, 18 U.S.C. § 1962(c) (id. ¶¶ 75–82); (5) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8–1 (id. ¶ 88); (6) violation of the New Jersey Truth-In-Consumer Contract, Warranty And Notice Act, N.J.S.A. § 56:12–14 (id. ¶¶ 95–98); and (7) unjust enrichment (id. ¶¶ 102–05).

On December 1, 2011, the Court entered a consent Order granting plaintiff's then-outstanding motion for class certification (ECF No. 39) and directing reimbursement payments to

all class members and a payment of $202,505.60 to plaintiff's counsel in satisfaction of all attorneys' fees and expenses. (Order at 2, Dec. 1, 2011, ECF No. 41). The Court set a payment schedule that required Covista to make the first installment payment on or before December 10, 2011, in the amount of $100,000. (Id.). The subsequent payments of $50,000 were each due on or before June 1, 2012 and December 1, 2012. (Id.).

However, defendants failed to make their first installment payment by December 10, 2011, which prompted plaintiff to initiate collection efforts and engage in post-judgment discovery. (Exhs. A–G to Mot. for Sanctions, ECF Nos. 57-5–57-11). First, by letter dated December 22, 2011, plaintiff served post-judgment discovery requesting Covista's bank account information from Vort, Covista's outside counsel. (See Exh. A, ECF No. 57-5). Thereafter, on February 13, 2012, plaintiff's counsel informed Vort that the discovery responses provided by Covista were deficient. (See Exh. D, ECF No. 57-8). On February 23, 2012, plaintiff again informed Vort that Covista failed to provide the bank account number of its operating account, and, without justification, redacted the number from those banking statements that it provided. (See Exh. E, ECF No. 57-9). Finally, after failing repeatedly to obtain the bank account number of Covista's operating account, plaintiff filed a motion to compel disclosure on May 11, 2012. (Mot. Compel, May 11, 2012, ECF No. 47).

The Court heard the parties' arguments with regard to plaintiff's motion to compel on October 11, 2012. At the hearing, Vort admitted to redacting the account numbers from the bank statements that Covista had turned over to plaintiff. (Hr'g Tr. at 6:22–7:5, Oct. 11, 2012, ECF No. 56). The Court noted the scope of post-judgment discovery "is broad and the judgment creditor [is] entitled to a very thorough examination of a judgment debtor with respect to its

assets." (Id. at 10:19–21, ECF No. 56).  Thus, the Court ordered that:

> On or before **November 1, 2012**, defendant Covista shall produce to plaintiff: (i) the bank account number for each and every bank account, as well as the identity of the bank, in the custody or under the control of defendant Covista Inc.; and (ii) complete monthly bank account statements, including the pertinent bank account number, for those same accounts . . . .

(Order ¶ 1, Oct. 11, 2012, ECF No. 55 (emphasis in original)).

On November 2, 2012, Vort sent a letter to plaintiff's counsel stating that there were no accounts in the custody or control of Covista.  (See Exh. K to Mot. Sanctions, ECF No. 57-15).  Vort explained that in October 2011, Covista entered into a loan agreement with Paradigm Credit Corporation ("Paradigm") that granted Paradigm a first priority security interest in Covista's accounts receivable, accounts, bank accounts, and cash.  (Id.).  By letter dated October 17, 2012, Paradigm exercised its rights under the loan agreement, declared default, and "took custody and control of its collateral, including all of Covista's bank accounts."  (Id.).

After receiving Vort's November 2, 2012 letter, plaintiff filed the instant motion for sanctions on November 21, 2012.  (See Mot. for Sanctions, ECF No. 57).  Plaintiff alleges that Vort's representation – that Covista holds no bank accounts in its custody and control – is a bad faith attempt to circumvent the Court's October 11, 2012 Order.  (Br. Supp. Mot. for Sanctions at 2, ECF No. 57-3).  Plaintiff maintains that Covista's continued and purposeful concealment of its bank account information, as well as its willful failure to comply with the Court's October 11, 2012 Order, warrants sanctions pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 37(c), Fed. R. Civ. P. 26(g), Fed. R. Civ. P. 37(a)(5), and Fed. R. Civ. P. 37(b)(2)(A)&(C).  (Id. at 8).  Accordingly, plaintiff seeks attorneys' fees in the amount of $42,767.50 and expenses of $1,054.72, which she allegedly incurred in her efforts to obtain discovery.  (Id. at 12).  In addition, plaintiff requests

that the Court issue an Order to Show Cause to be served on Feldman, Covista's president, as to why he and Covista should not be held in civil contempt for Covista's failure to comply with the Court's October 11, 2012, Order (ECF No. 55). (Id. at 18).

In opposition, Covista submitted a certification of its senior staff accountant, Tamie A. Morgan, detailing the progress of the class members' reimbursement. (Morgan Cert. ¶ 1, Dec. 27, 2012, ECF No. 62). Though not explicitly denoted as such, it appears that defendants submit the Morgan Certification to satisfy the certification requirement set forth in the Court's October 11, 2012 Order. (See Order ¶ 3, ECF No. 55) ("On or before **November 1, 2012**, defendant Covista shall file a certification detailing the payments it has made to plaintiff and the class, payments it has not made, and the balance remaining on the total judgment, including providing the amount of any uncashed and/or unrefunded funds." (emphasis in original)). Morgan certifies that on December 6, 2012, Covista issued refund checks to those class members who have "active" accounts. (Morgan Cert. ¶ 7, ECF No. 62). Further, Morgan declares that Covista is in the process of reviewing individually those class members who have "disconnected" or "write-off" accounts in order to ascertain the amount, if any, that they are owed. (Id.).

Covista also filed the certification of Robert A. Vort to rebut plaintiff's contention that Covista has "for the first time, reference[d] a loan agreement with [Paradigm], which was not produced in post-judgment discovery." (See Exh. C to Vort Cert., Dec. 27, 2012, ECF No. 62-9). Vort certifies that Covista, by letter dated February 6, 2012, "produced copies of its bank account records, [] its balance sheet and [] a Westlaw search of liens filed against it, **Exhibit D**." (Vort Cert. ¶ 9, ECF No. 62-9 (emphasis in original)). Vort declares that Paradigm was the first priority secured creditor listed in that Westlaw search result, which noted that Paradigm held a

5

security interest in "account(s) including proceeds and products and contract rights including proceeds and products." (Id.; see Exh. D to Vort Cert., ECF No. 62-10). Thus, Vort maintains that Covista indeed referenced its loan agreement with Paradigm in post-judgment discovery and that plaintiff "requested no information about the Paradigm security interest or about any other secured or unsecured debts of Covista." (Vort Cert. ¶ 9, ECF No. 62-9). Accordingly, Vort certifies that Covista did not conceal or misrepresent anything to the Court at the October 11, 2012 hearing because it had disclosed already Paradigm's security interest and, on October 11, 2012, "Paradigm had not taken control of the Covista accounts." (Id. ¶ 10). He submits that Covista has not violated the Court's Order (ECF No. 55) because Paradigm assumed custody and control of Covista's accounts on October 17, 2012, when it invoked its rights as a first priority secured creditor, and the Court "did not order Covista to disclose account numbers or statements of bank accounts [that] were not in its custody or control." (Vort Cert. ¶ 11, ECF No. 62-9).

In her reply brief, plaintiff argues that Covista's representations are vexatious and in bad faith because Covista issued refund checks to class members through its accounts payable system on December 6, 2012, while at the same time representing to the Court that it had no bank accounts within its control. (Pl.'s Reply Br. at 3–5, ECF No. 63). In addition, plaintiff maintains that Covista "has failed to produce its unredacted bank statements and account numbers that are undeniably in its custody or control" and that the alleged existence of Paradigm's lien on Covista's bank account "does not excuse the production of the bank account number and related documents as required by this Court." (Id. at 4, 7). Therefore, plaintiff asserts that Covista has violated the Court's October 11, 2012 Order, thereby justifying the imposition of sanctions and attorneys' fees. (Id. at 4–10).

II.   DISCUSSION

    A.   **Plaintiff's Motion for Sanctions under 28 U.S.C. § 1927**

Section 1927 of Title 28 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

To impose sanctions pursuant to § 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional conduct." In re Prudential Ins. Co. Am. Sales Practice Litig., 278 F.3d 175, 188 (3d Cir. 2002). While a court has broad discretion in managing litigation before it, "the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." Id. (citation and internal quotation marks omitted). To that end, a prerequisite to imposition of sanctions under § 1927 is a finding of "willful bad faith on the part of the offending attorney." Id. Indications of bad faith are findings "that the claims advanced were meritless, that counsel knew or should have known this, and that the motive . . . was for an improper purpose such as harassment." Id. (citation and internal quotation marks omitted).

However, "bad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf." Lewis v. Smith, 480 Fed. Appx. 696, 699 (3d Cir. 2012). The Third Circuit has cautioned that the power to impose sanctions under § 1927 carries "the potential for abuse, and therefore the statute should be construed

narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC XXIII, 287 F.3d 279, 289 (3d Cir. 2002) (citations and internal quotation marks omitted).  It noted that courts should exercise this sanctioning power "only in instances of a serious and studied disregard for the orderly process of justice." Id. at 288 (citation and internal quotation marks omitted).  That is, "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." Id. at 289; see Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991) (explaining that, for an attorney's conduct to warrant sanctions pursuant to § 1927, such conduct must be "of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.  The section is directed against attorneys who willfully abuse judicial process.") (citing Colucci v. N. Y. Times Co., 533 F. Supp. 1011, 1014 (S.D.N.Y. Mar. 10, 1982)).

In a recent case, the Third Circuit upheld the imposition of sanctions under § 1927 on the plaintiff's attorney, Michael Malakoff. In re Prudential, 278 F.3d at 190.  The District Court found that Malakoff, while representing a group of plaintiffs in a national class action, engaged in vexatious behavior. Id. at 188.  Specifically, Malakoff filed multiple recusal motions, all of which were groundless, filed multiple discovery requests, all of which were vexatious, failed to comply with the discovery order imposed by the court, and filed two identical motions for sanctions. Id.  The District Court reasoned that each of Malakoff's actions, when considered in isolation, did not warrant sanctions, but the cumulative effect of his transgressions allowed for a finding of bad faith. Id. at 189.  It explained that bad faith does not need to be established by any one particular act; rather, courts may base a finding of bad faith on the totality of the

circumstances.  Id. (noting that the court "based [its] finding of requisite bad faith and vexatious conduct on the totality of the campaign [the offending attorney] waged during the course of this litigation, not upon any single maneuver").  The Third Circuit concluded that the District Court was justified in imposing sanctions because Malakoff multiplied proceedings "at nearly every turn."  Id.; see also Lewis, 480 Fed. Appx. at 698–700 (upholding an imposition of sanctions because there was sufficient evidence to conclude that the offending attorney acted in bad faith, namely, that the offending attorney (1) was on notice that the duplicative action he had filed was potentially meritless; (2) the District Court's conclusion that the case would be barred by res judicata indicated that the case was, in fact, objectively meritless; (3) the attorney's unusual tactic of filing a substantially-identical second action while the first was still pending suggested "judge shopping"; and (4) the attorney's prior sanctionable conduct suggested a pattern of vexatious litigation) (internal citations omitted).

Here, the Court finds that the actions of Ron Kuzon, Covista's general counsel, and Robert Vort, Covista's outside counsel in this matter since late December 2011, do not rise to the level of bad faith necessary for imposition of sanctions under § 1927.  Third Circuit courts have consistently construed § 1927 narrowly, and therefore the Court is persuaded that plaintiff has failed to establish that Covista's counsel engaged in actionable conduct.  To demonstrate that Kuzon and Vort acted with the requisite bad faith, plaintiff cites:  (1) Covista's withholding of bank account information prior to the issuance of the October 11, 2012 Order (Mot. for Sanctions at 9–11, ECF No. 57-3); (2) Covista's failure to provide the bank account numbers after the Court entered the October 11, 2012 Order (id.); (3) Vort's failure to inform the Court of the credit agreement with Paradigm during the October 11, 2012 hearing (id. at 15); and (4)

9

Morgan's certification (ECF No. 62) that Covista issued refund checks on December 6, 2012, after Paradigm had taken control of its accounts (see Pl.'s Reply Br. at 2, ECF No. 63).

First, Covista's failure to provide its bank account numbers prior to the Court's October 11, 2012 Order does not demonstrate bad faith. Kuzon certifies that Covista provided the requested bank statements, including the name and address of each bank, but that he did not understand "Fed. R. Civ. P. 69(a)(2) nor corresponding New Jersey State Rule 4:59-1(e) [to] require[] disclosure of account numbers." (Kuzon Cert. ¶ 8(a), ECF No. 50). It is well established that mere misunderstanding of the applicable law is insufficient to impose sanctions pursuant to § 1927. See LaSalle Nat'l Bank, 287 F.3d at 289 ("[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well intentioned zeal."). Plaintiff presents no evidence to support her argument that Kuzon intentionally misinterpreted Rule 69(a)(2) and New Jersey Court Rule 4:59-1 for an improper purpose, such as unnecessary delay or harassment. See generally Lewis, 480 Fed. Appx. at 699 ("[B]ad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf."). The Court finds that, to the extent Kuzon declined to produce Covista's bank account numbers because he believed he was not required by law to do so, such conduct was not so egregious as to constitute bad faith necessary to trigger sanctions under § 1927.

Covista's failure to provide the bank account numbers after the issuance of the October 11, 2012 Order (ECF No. 55) presents a more challenging issue. Upon plaintiff's motion to compel Covista to provide post-judgment discovery pursuant to Fed. R. Civ. P. 69(a)(2) (see Mot. Compel, May 11, 2012, ECF No. 47), the Court held a hearing on October 11, 2012, in

which plaintiff requested – and received – the discovery she sought. Specifically, during that hearing, the Court stated unequivocally that it would "require that Covista produce the account number for [its operating account in Chattanooga at Regions Bank] . . . [and] require that Covista identify for the plaintiff and include account – bank account numbers for any other account . . . within the custody or control of Covista." (Hr'g Tr. at 12:8–19, ECF No. 56). Further, the Court stated that Covista had an obligation to produce "complete and unredacted versions of the already produced statements," (Hr'g Tr. at 12:23–24), and "statements for any Covista accounts for the last six months." (Hr'g Tr. at 13:2–3). Thereafter, the Court entered an Order, the contents of which were the product of the October 11, 2012 hearing, which required Covista to produce bank account numbers "in the custody or under the control of defendant Covista . . . ." (See Order ¶ 1, Oct. 11, 2012, ECF No. 55).

Vort, Covista's outside counsel, was present at the October 11, 2012 hearing and agreed to provide the required documents and bank account numbers by November 1, 2012. (See Hr'g Tr. at 17:15–18:4). Yet, even though Covista has not produced its bank account numbers, Vort and Kuzon claim that they complied with the October 11, 2012 Order because those bank accounts are no longer in Covista's custody or control. (Defs.' Opp'n Br. at 1, ECF No. 62-12). Specifically, Vort certifies that on October 11, 2012, "Paradigm had not taken control of the Covista accounts." (Vort Cert. ¶ 10, ECF No. 62-9). However, Kuzon certifies that, on October 17, 2012, "Paradigm issued its notice of default (**Exhibit C**). With little if any leverage, Covista was required to confer upon Paradigm control of its bank account, of which Paradigm already had constructive control." (Kuzon Cert. ¶ 8, ECF No. 62-6; see Exh. C to Kuzon Cert., ECF No. 62-7 (emphasis in original)). Thus, defendants argue that they have not violated the Court's

October 11, 2012 Order because they construed that Order "in the circumstances following Paradigm's assumption of control of the Covista bank accounts." (Opp'n Br. at 2, ECF No. 62-12). That is, after entry of the October 11, 2012 Order (ECF No. 55), Paradigm assumed custody and control of Covista's bank accounts, and Vort certifies that "[t]his Court did not order Covista to disclose account numbers or statements of bank accounts which were not in its custody or control." (Vort Cert. ¶ 11, ECF No. 62-9).

The Court notes that defendants had an opportunity to resolve any perceived ambiguity as to what the October 11, 2012 Order required them to produce by reviewing the transcript of the October 11, 2012 hearing. However, the Court finds that defendants' failure to do so does not demonstrate bad faith because there is no evidence of willful misconduct. They have provided evidence that Paradigm in fact issued a notice of default on October 17, 2012 (Exh. C to Kuzon Cert., ECF No. 62-7), and as a result, "Covista was required to confer upon Paradigm control of its bank account, of which Paradigm already had constructive control." (Kuzon Cert. ¶ 8, ECF No. 62-6). And it is true that the Court's October 11, 2012 Order states that Covista "shall produce to plaintiff: (i) the bank account number for each and every bank account, as well as the identity of the bank, in the custody or under the control of [] Covista . . . ." (Order ¶ 1, ECF No. 55). Therefore, Covista's argument – that it did not violate the Court's Order by refusing to produce the bank account number of its operating account or any other bank accounts because those accounts were no longer in its custody or under its control – has sufficient factual and legal support as to negate the imposition of sanctions. See LaSalle Nat'l Bank, 287 F.3d at 288 (holding that courts should impose sanctions pursuant to § 1927 only in instances where the offending attorney engaged in "serious and studied disregard for the orderly process of justice")

(citations and internal quotation marks omitted).  In short, defendants' close textual reading of the October 11, 2012 Order does not comport with the intent of the Order, but such strict construction is not "meritless."  As such, even though defendants' argument may elicit understandable skepticism from plaintiff, the Court finds that their conduct fails to constitute bad faith necessary to impose sanctions under § 1927.

Third, Vort's failure to disclose the credit agreement between Covista and Paradigm during the October 11, 2012 hearing does not indicate bad faith on the part of defense counsel.  When the Court inquired into the financial health of Covista, Vort stated that Covista had financial obligations to its secured creditors and those creditors "could shut [Covista] down any day." (Hr'g Tr. at 5:6–9, ECF No. 56).  Given that candid admission, the Court is not convinced that defendants and their counsel acted in bad faith merely because Vort did not specifically name Paradigm as one of the creditors who could declare default on Covista's obligations.  That is, there is no evidence to suggest that defendants and their counsel willfully concealed the Paradigm credit agreement from the Court.  In fact, Paradigm issued its notice of default on October 17, 2012, six days after the October 11, 2012 hearing; therefore, it is quite possible that defendants and their counsel had no knowledge of the notice of default during the hearing.  (See Exh. C to Kuzon Cert., ECF No. 62-7).  Plaintiff has submitted nothing to conclude otherwise.

Further, on February 6, 2012, Covista disclosed Paradigm's first priority security interest to plaintiff.  (See Exh. D to Vort Cert., ECF No. 62-10).  Plaintiff presents no evidence to demonstrate that Covista hindered her ability to obtain further discovery with respect to Paradigm's security interest or that she even requested further discovery regarding that credit

13

agreement.[1]  Consequently, the Court concludes that Vort's failure to identify the credit agreement between Covista and Paradigm during the October 11, 2012 hearing does not amount to bad faith necessary for the imposition of § 1927 sanctions.

Fourth, the Court finds that defense counsel has not engaged in bad faith by virtue of the fact that Covista issued refund checks on December 6, 2012.  Covista had no accounts under its custody or in its control on November 2, 2012, because Paradigm had taken control of its accounts on October 17, 2012.  However, on November 30, 2012, Covista borrowed an additional $250,000 from Birch Communications, a secured lender.  (See Kuzon Cert. ¶ 9, ECF No. 62-6; Exh. D to Kuzon Cert., ECF No. 62-7).  Such an infusion of funds would have enabled Covista to issue said refund checks on December 6, 2012.  Therefore, Covista's representations are not necessarily conflicting, and do not evidence bad faith.

For those reasons, the Court determines that each action of defendants, when viewed in isolation, does not rise to the level of sanctionable conduct.  However disagreeable plaintiff deems defendants' behavior to have been, she failed to carry her burden in establishing bad faith. See Baker Indus. Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985) (holding the offending attorney's conduct must be egregious in nature to impose sanctions); Benson v. Giant Food Stores, LLC, 2011 WL 6747421, at *3 (E.D. Pa. Dec. 22, 2011) (stating that a party seeking sanctions under § 1927 "bears a heavy burden").  Moreover, even considering the conduct of Covista's counsel in its totality, the Court cannot find that defense counsel acted so egregiously

---

[1] To the extent plaintiff would argue that Paradigm's first priority security interest was "buried" in Covista's document production, the Court rejects that argument, noting Paradigm was the "very first secured creditor listed" in the Westlaw search results of liens filed against Covista.  (See Vort Cert. ¶ 9, ECF No. 62-9).

as to engage in the willful abuse of judicial process. Accordingly, the Court denies sanctions pursuant to 28 U.S.C. § 1927.

     **B.**     **Plaintiff's Motion for Sanctions under Rules 37(c), 26(g), 37(a)(5), and 37(b)(2)(A)&(C)**

In addition to seeking sanctions under 28 U.S.C. § 1927, plaintiff requests that the Court impose sanctions pursuant to Federal Rules of Civil Procedure 37(c), 26(g), 37(a)(5), and 37(b)(2)(A)&(C). Rule 37(c) states: "If a party fails to provide information . . . as required by Rule 26(a) or (e)," the court may order payment of attorneys' fees and reasonable expenses caused by the failure or "may impose other appropriate sanctions . . . ." Expenses and fees imposed under Rule 37(c) are awarded against the party only, and not against its counsel. Winner v. Etkin & Co., Inc., No. 07-903, 2008 WL 5429623, at *4 (E.D. Pa. Dec. 31, 2008). However, "imposition of sanctions under . . . Rule 37 is phrased in mandatory language unless the Court finds that the failure was substantially justified or harmless." Id. at *5 (citations omitted); see Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. Aug. 2, 1995) ("Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure.").

Rule 26(g) mandates that all discovery responses be signed by an attorney of record: "Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery response, or objection must be signed by at least one attorney of record in the attorney's own name . . . ." The attorney's signature certifies that any disclosures were complete and accurate at the time they were made and that any discovery responses were "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ.

P. 26(g)(1).  If a certification violates the rule "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).  Rule 26(g) was designed to "curb discovery abuse by encouraging the imposition of sanctions," because the "concern about discovery abuse has led to widespread recognition that there is a need for more aggressive judicial control and supervision." Winner, 2008 WL 5429623, at *4 (citation and quotation marks omitted).  To that end, the court may order a payment of reasonable attorneys' fees and expenses.  See Fed. R. Civ. P. 26(g)(3).  However, like Rule 37, the Court cannot impose sanctions pursuant to Rule 26(g) if it finds that the non-compliant party's failure was substantially justified or harmless.  Winner, 2008 WL 5429623, at *5 (citations omitted); see Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 138–39 (3d Cir. 2009) (holding that prior to imposing sanctions pursuant to Rule 26(g), a court must address whether the defendants' position was substantially justified).

      Where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).  However, the Court cannot impose sanctions pursuant to Rule 37(a)(5) if it finds that "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).  Finally, Rule 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Rule 37(b)(2)(C) establishes that "the court must order the disobedient party, the attorney advising the party, or both to pay the

16

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.37(b)(2)(C).

As a starting proposition, the Court agrees with plaintiff that Rule 69(a)(2) specifically incorporates the Federal Rules into the post-judgment discovery process. See Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located."). However, the Court declines to impose sanctions pursuant to any of the aforementioned Rules because it concludes, for the reasons expressed throughout this Opinion, that defendants' failure to comply with the October 11, 2012 Order was substantially justified. As detailed above, imposition of sanctions pursuant to each Rule is precluded if the Court finds defendants' conduct to be substantially justified. Defendants' interpretation of the October 11, 2012 Order, while narrower than plaintiff's, was a reasonable one, thereby giving Covista substantial justification to redact the bank account number of its operating account.[2] As a result, the Court cannot impose sanctions pursuant to Federal Rules of Civil Procedure 37(c), 26(g), 37(a)(5), and 37(b)(2)(A)&(C).

---

[2] The Court does not address whether defendants' failure to provide the redacted bank account number was "harmless" so as to preclude imposition of sanctions.

### C. Plaintiff's Motion for an Order to Show Cause as to why Covista and Feldman Should not Be Held in Civil Contempt

In addition to her motion for sanctions, plaintiff maintains that Covista and Feldman, as its agent,[3] should be held in civil contempt for violating the October 11, 2012 Order. (Mot. for Sanctions at 8, ECF No. 57-3). As such, plaintiff requests that the Court issue an Order to Show Cause to be served on Feldman as to why he and Covista should not be held in contempt of Court. (Id. at 18).

To hold a party in civil contempt, the proponent must show by clear and convincing evidence that: (1) a valid order of the court existed; (2) the opposing party had knowledge of the order; and (3) the opposing party disobeyed the order. FTC v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010) (citations and internal quotation marks omitted). The Third Circuit has instructed that courts should hesitate to adjudge a defendant in contempt when "there is ground to doubt the wrongfulness of the conduct." Id. (internal citation and quotation marks omitted). It held that any ambiguities in a valid court order "must be resolved in favor of the party charged with contempt." Id. (quoting John. T. v Del. Cnty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003)) (internal quotation marks omitted).

In this case, plaintiff satisfies the first two elements of the civil contempt test. First, on October 11, 2012, the Court entered a valid Order (ECF No. 55) requiring Covista to produce, among other items, account numbers for bank accounts within its custody or control, thereby satisfying the first element of the test. Second, defendants do not contend that they lacked

---

[3] As a corporate officer, Feldman may be held in contempt for failure of the corporation to pay a monetary judgment. N.J. Bldg. Laborers Statewide Benefit Funds & Tr. Thereof v. Torchio Bros., Inc., No. 08-552 (JHR), 2009 WL 368364, at *1 (D.N.J. Feb. 11, 2009).

knowledge of the Order. They attended the October 11, 2012 hearing and received notice of the Court's Order by way of CM/ECF, thereby satisfying the second element of the test. The only disputed issue, then, is the third element of the civil contempt test: whether Covista disobeyed the Court's October 11, 2012 Order.

For the reasons expressed throughout this Opinion, the Court concludes that there is sufficient ground to doubt the wrongfulness of defendants' conduct. In defendants' view, the October 11, 2012 Order required Covista to produce only that account information for bank accounts that were in its custody or under its control. Because Paradigm exercised its control rights under the credit agreement on October 17, 2012, Covista technically had no accounts in its custody or under its control on November 1, 2012. Therefore, it is at least plausible that defendants, as they claim, "did not intend to disobey the order . . . and think - that they were obeying it." (Defs.' Br. at 2, ECF No. 62-12). As such, the Court cannot hold defendants in civil contempt. See Quinter v. Volkswagen of Am., 676 F.2d 969, 974 (3d Cir. 1982) ("The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by 'clear and convincing evidence,' and where there is ground [to] doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt.") (quoting Fox v. Capitol Co., 96 F.2d 684, 686 (3d Cir. 1938)); Harris v. City of Philadelphia, 47 F.3d 1342, 1350 (3d Cir. 1995) (stating all ambiguities ought to be resolved in favor of the party charged with contempt); Andrews v. Holloway, 256 F.R.D. 136, 141 (D.N.J. Mar. 12, 2009) (noting the court should not lightly hold a party in contempt). Therefore, plaintiff fails to satisfy the third prong of the civil contempt test, and her request for an Order to Show Cause is denied.

**IV.     CONCLUSION**

For the reasons stated herein, plaintiff's motion for sanctions, attorneys' fees, and costs is denied. Plaintiff's motion for an Order to Show Cause is also denied. The Court will issue an order consistent with this Opinion.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: March 28, 2013