UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## LETTER OPINION AND ORDER

May 9, 2013

All counsel

Re: Jacqueline Singer v. Covista, Inc. and Microsoft Corporation
Civil Action No. 10-6147 (JLL)(JAD)

Dear Counsel:

This will address Plaintiff's motion (ECF No. 66) for (i) reconsideration of Magistrate Judge Hammer's March 28, 2013 Opinion and Order (ECF No. 64), which denied Plaintiff's motion for sanctions, against defendants Covista, Inc. ("Covista"), Covista's general counsel, Ron Kuzon ("Kuzon") and Covista's outside counsel, Robert A. Vort ("Vort"); and (ii) an order to show cause hearing to determine whether Covista and its President and CEO, Warren Feldman ("Feldman") should be held in contempt of the Court's October 11, 2012 Order. For the following reasons, Plaintiff's motion is denied.

The Court must first determine whether it should exercise jurisdiction over this matter pursuant to the doctrine of comity, which is implicated due to this matter being transferred from Judge Hammer to this Court pursuant to a general reassignment of cases. Defendant argues that "only Judge Hammer should hear this motion," and cites the following Third Circuit precedent in support of its position: Hayman Cash Register v. Sarokin, 669 F.2d 162, 169 n. 7 (3d Cir. 1982), TCF Film Corp. v. Gourley, 240 F.2d 711, 713-14 (3d Cir. 1957), U.S. v. Wheeler, 256 F.2d 745, 747, (3d Cir. 1958), cert. den. 358 U.S. 873 (1958), and Fagan v. City of Vineland, 22 F.3d 1283, 1290 (3d Cir. 1994). (Opp. Br. 4, ECF No. 67-2).

1

The Third Circuit in Fagan stated that although the law of the case doctrine "does not limit the power of trial judges from reconsidering issues previously decided by a predecessor judge from the same court or from a court of coordinate jurisdiction, it does recognize that as a matter of comity, a successor judge should not lightly overturn decisions of his predecessors in a given case." 22 F.2d at 1290. The Third Circuit more fully explained the doctrine in Wheeler, wherein the Court recognized that there may be exceptions to the law of the case doctrine in certain situations, for instance, where there is new evidence bearing on the same question. 256 F.2d at 748. The law set forth in Wheeler, and Plaintiff's submission of evidence that was unknown to Judge Hammer, persuade this Court that it should and will entertain Plaintiff's application.

A motion for reconsideration under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, CIV.A. 03-4787(DMC), 2004 WL 1587894, *1 (D.N.J. May 21, 2004). Reconsideration is an extraordinary remedy that is granted 'very sparingly.'" Id.; see also Brackett v. Ashcroft, CIV. 03-3988(WJM), 2003 WL 22303078, *1, *2 (D.N.J. Oct. 7, 2003).

In this matter, Plaintiff asserts that there is new evidence that justifies reconsideration, namely that Covista sold its assets to Birch Communications ("Birch"). This fact, while known to Defendant, was not made known to the Plaintiff or to the Court at the time of the last motion. Therefore, Plaintiff argued that Defendant's and its counsel's conduct "smacks of bad faith." (Br. Supp. Mot. Reconsideration 6-7, ECF No. 66-3).

Although Plaintiff is correct that the sale of Covista was a fact not considered by the earlier Court, the flaw in Plaintiff's argument is that this fact has no bearing on the relief sought

in the original motion for sanctions. Plaintiff may be correct that Defendant is "dodging" the judgment, as well as Plaintiff's persistent efforts to execute on the judgment. However, the Court finds nothing sanctionable about the fact that Defendant sold its assets in order to pay off its creditors,[1] and finds no connection between the sale of Costavista's assets (and the non-disclosure thereof) and whether Defendant was wrongfully concealing from the Court and Plaintiff relevant evidence in connection with the underlying motion.

This Court does not see an inconsistency between asserting that one does not control its bank accounts because they were seized by a secured creditor and then selling those assets to a third party so that the proceeds from the sale may pay off the creditors who have seized control of the bank accounts. Upon a review of Judge Hammer's Opinion, which sets forth the facts and law in detail, this Court finds nothing in the new evidence to justify a reconsideration of that Opinion.

This is not to say that the Court is not struck by defense counsel's conduct in this case. The duty to disclose relevant evidence to the Court or to refrain from concealing evidence is a broad one. See RPC 3.3 ("A lawyer shall not knowingly . . . fail to disclose to the tribunal a material fact with knowledge that the tribunal may tend to be misled by such failure.").[2] Although the Court finds that Defendant's failure to disclose the sale of its assets in this case is not sanctionable, such conduct does appear to border on gamesmanship that is not conducive to the fair and expeditious administration of justice. Plaintiff requests further relief in the form of discovery as well as an evidentiary hearing regarding the sale of Covista's assets; however, the Court declines to conduct any evidentiary hearings at this time. The Court will, however,

---

[1] See (Opp. Br. 4, ECF No. 67-2); see also (Kuzon Cert. ¶¶ 2-4, ECF No. 67).

[2] The Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court, apply in New Jersey federal court pursuant to L.Civ.R. 103.1.

convene an in-person conference to discuss where this case is headed and whether this Court should continue to assert jurisdiction over the matter. Accordingly, the parties are instructed to appear on June 5, 2013 at 3:00 p.m. to discuss the status of the Defendant and Plaintiff's continuing efforts to enforce its judgment.

Plaintiff's Motion for Reconsideration (ECF No. 66) is hereby **denied**.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.

4