UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACQUELINE SINGER**, on behalf of herself and all others similarly situated, : : : Plaintiff, : -vs- : **COVISTA, INC.** and **MICROSOFT CORPORATION**, : Defendants. : | Civil Action No. **10-6147** (Hon. Jose L. Linares) |

# BRIEF of ROBERT A. VORT in SUPPORT of MOTION to be RELIEVED as COUNSEL for COVISTA

**ROBERT A. VORT**
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com

Covista, Inc. consented to the entry of an order directing the Clerk of this Court to enter judgment against Covista on terms specified in the order. Covista, Inc. was required to pay money to class members on or before a specified date and to pay money to class counsel. When Covista breached its obligation, class counsel sought discovery in aid of execution. Covista then retained Robert A. Vort to represent it.

Pursuant to Local Civil Rule 102.1, Vort applies to this Court for an order discharging him as counsel for Covista. The application is grounded in RPC 1.16(b)(5) and RPC 1.16(b)(6). These rules provide:

> (b) Except as stated in paragraph ©, a lawyer may withdraw from representing a client if:
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. . . .

Counsel is aware of only two reported case in which this Court has construed or applied these rules. The first case is Haines v. Liggett Group, Inc., 814 F.Supp. 414 (D.N.J. 1993). In Haines, a plaintiff sued cigarette manufacturers for the death of her late husband, allegedly as a result of smoking cigarettes manufactured by the defendants. Plaintiff's counsel moved to be relieved, and Judge Lechner denied the motion. He held that the

mere fact that the likelihood of recovery was not as strong as it first appeared at the inception of the attorney-client relationship did not constitute "good cause" warranting withdrawal. This holding was underscored by the finding that there was a strong likelihood that the plaintiff would not be able to retain substitute counsel on a contingent basis. Judge Lechner held that the risk of loss to the plaintiff's law firm was inherent in the contingency fee system.

    This Court followed Haines with Rusinow v. Kamara, 920 F. Supp. 69 (D.N.J. 1996), an automobile accident case in which the plaintiff had retained counsel on a contingency fee basis. Counsel for the defendant had notified plaintiff's attorney of evidence involving the plaintiff which could impeach his credibility and, perhaps, constitute insurance fraud or perjury. Plaintiff's counsel sought to withdraw.

    Judge Orlofsky held that the factors governing the motion were the reasons why the lawyers sought to withdraw, the prejudice to other parties if the Court granted the motion, the harm to the judicial system if withdrawal were allowed and the degree to which withdrawal would delay resolution of the case, 920 F. Supp. at 71. Judge Orlofsky denied the motion because plaintiffs' counsel had not demonstrated the availability of substitute counsel to represent the plaintiff or, if they could, whether substitute counsel could impair plaintiffs' ability to try

2

the case.  The Court also noted that the attorneys had deferred their motion until less than two weeks before trial even though they had known for almost two years the facts underlying their request to withdraw, 920 F.Supp. at 71.

Singer v. Covista is different.  For one thing, Covista did not retain moving counsel on a contingent basis.  It is highly probable that Covista can retain substitute counsel on an hourly rate basis.  Secondly, no trial is in jeopardy of being postponed as judgment has already been entered in favor of Singer and against Covista.  The case is mired in proceedings in aid of execution, and it should not be too difficult for new counsel to move the matter and provide the necessary discovery.

Local Civil Rule 103.1(a) adopts the Rules of Professional Conduct.  In Smith v. R. J. Reynolds Tobacco Co., 267 N.J.Super. 62 (App.Div. 1993), another cigarette case in which three large law firms representing the plaintiffs - Budd Larner, Wilentz Goldman & Spitzer and Porzio, Bromberg & Newman - moved to withdraw due to "unreasonable financial burden," the trial court denied their application, but the appellate court reversed and remanded the action.  The Court adopted much of what Judge Lechner had written in Haines, supra, but added:

> We part company with Judge Lechner's analysis to the extent he implicitly declines to permit withdrawal no matter how "unreasonable the financial burden" where there would be a "material adverse effect" on the client, despite the disjunctive language of the Rule.  Further, despite the Rule's

3

specific terms, the federal judge found sufficient policy reasons to deny withdrawal for "unreasonable financial burden" because a contingency fee agreement is involved. However, as Professor Charles W. Wolfram, the Charles Frank Reavis, Sr., Professor of Law at the Cornell Law School and Reporter of the Restatement (Third) of the Law Governing Lawyers, stated in his affidavit filed in support of the motion:

> Denial of the present motion would serve only to discourage lawyers confronted with requests by clients to pursue ground-breaking claims on their behalf. While the risk of bearing litigation costs and the costs of lawyer and paralegal time without compensation will always exist in such cases if, as here, the lawyer's compensation is contingent, denying permission to withdraw here would threaten otherwise courageous counsel with the need to contemplate that no matter how bleak and desperate the financial costs of carrying litigation costs had become, the firm would be required to stagger on and complete the course. For a court to require such heroic undertakings would also add to the threat of imposed litigation costs that defendants can often dictate in a case through cost-generating and delay-producing moves in the course of the litigation. If anything, such a decision would only add to the incentives of defendants to engage in such practices.
>
> These comments are particularly significant in a day when funding for public interest advocacy and legal services for the poor is becoming increasingly unavailable. 267 N.J.Super. at 80-81

If it is permissible for three large law firms to withdraw from a contingency fee case in which the firms will probably lose substantial, it is even more permissible for a solo practitioner to withdraw from a case in which he was retained on an hourly rate basis. There is nothing unique about the skills of Covis-

ta's counsel; many lawyers can do as well or better. All they need is a retainer agreement and a check.

Further, the history of the proceedings in this action for discovery in aid of execution reveal a relentless attack on the undersigned for sanctions due to Covista's failure to abide by its assumed obligations and of court rules for supplementary discovery. As detailed in paragraphs 8 and 9 of the Vort certification, Covista has not been forthcoming in its responses to the requests of class counsel for communications with Paradigm Capital Corp., with Birch Communications Corp. and with me.

The continued exposure of the undersigned to applications for sanctions due to Covista's failures is grounds for terminating representation within RPC 1.16(b)(6). It permits withdrawal if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Denial of this application exposes counsel to a risk of sanctions for matters he cannot control at the same time that he is not being compensated for the work he has done.

At a hearing on September 3, 2014, class counsel stated that he would oppose this application because he needed someone with whom to communicate. Presumably this argument was grounded in Ohntrup v. Firearms Center, Inc., 802 F.2d 676 (3d Cir. 1986). Ohntrup involved a judgment debtor, Makina, which did not cooperate with requests for discovery in aid of execution which it

5

served upon Morgan Lewis.  Makina communicated no instructions to Morgan Lewis, and Morgan Lewis moved to be relieved.  Makina then informed Morgan Lewis that it did not want the firm to continue its representation.  The district court denied the motion and ordered Morgan Lewis to remain as counsel until Makina retained substitute counsel.

The District Court denied the motion.  It found that a) Makina was a Turkish corporation which claimed it had transacted no business in the United States since 1975, b) that Makina was located in Ankara, Turkey, c) that Makina was wholly owned by the Turkish government, d) that many of Makina's officers and agents neither speak nor understand English and e) that modern communication techniques were lacking in Turkey.  Without Morgan Lewis, the court held that neither it nor the judgment creditor would have any reliable mechanism for supervising the post-judgment aspects of the litigation.  The Court of Appeals held that the district judge had not abused his discretion.  In 2012 the Court granted Morgan Lewis' renewed motion to be discharged, and the Court of Appeals affirmed,     F.3d    , 2014 WL 3685936.

This case is substantially different from Ohntrup.  Covista is a New Jersey corporation with a registered agent in New Jersey.  The president of Covista lives and works in New Jersey; both the president and the general counsel of Covista speak and understand English, and they have access to the United States

6

postal service, to Federal Express and to electronic communications.

    For the preceding reasons, we urge the Court to grant Vort's motion to withdraw.

Respectfully submitted,

Dated: September 12, 2014    Robert A. Vort